SCHROTH & SCHROTH
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2044 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

Attorney for Material Witnesses, Salomon Arellano-Vargas, Benjamin Brito-Leyva, Julio

Perez-Luna, Gerardo Rodas-Diaz, and Lorenzo Pina Alguilar

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Jan M. Adler)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            vs.<br><br>HAUOLI, et. al.,<br><br>                    Defendants.<br>――――――――――――――――― | )  Criminal Case No.:<br>)  Magistrate Case No.:   08mj2368<br>)<br>)  **DECLARATION OF ROBERT E.**<br>)  **SCHROTH IN SUPPORT OF MATERIAL**<br>)  **WITNESSES MOTION FOR A**<br>)  **VIDEOTAPE DEPOSITION**<br>)<br>)  Date:     September 9, 2008<br>)  Time:     2:00 p.m.<br>)  Judge:   Hon. Jan M. Adler |

I the undersigned, declare as follows:

     1.     My name is Robert E. Schroth Jr., and I am the attorney of record for Salomon

Arellano-Vargas, Benjamin Brito-Leyva, Julio Perez-Luna, Gerardo Rodas-Diaz, and Lorenzo

Pina Alguilar**,** the material witnesses in the above-captioned matter.  I am an attorney duly

licensed to practice law in the State of California and am admitted to practice before the United

States District Court for the Southern District of California.

     2.     On August 4, 2008**,** I was appointed to represent the material witnesses in the

above-captioned matter.  As a Material Witness attorney, one of my primary responsibilities is

to help arrange the release of the material witness from the custody of the U.S. Marshal and

MCC as soon as practicable.  To that end, I immediately conducted interviews with the Material

Witnesses, through a certified Spanish language interpreter to explain why they were being held

- 1 -

and under what conditions they could be released.  I informed the Material Witnesses that the most expedient way to be released is by having a personal surety post a court approved appearance bond.  I explained on two separate occasions that a personal surety would have to agree to sign a $5,000.00 appearance bond, post $500.00 cash with the court, and agree to allow the Material Witnesses to stay with the surety or a family member pending final disposition of the case.  Unfortunately, the witnesses do not know anyone who lives in the United States who is willing and able to post the bonds for them.

3.      Prior to filing this motion I contacted the attorneys of record in this case and requested that they stipulate to the taking of the videotaped deposition of the material witnesses, however, the Federal Defenders informed me that they would not stipulate.

4.      I am not aware or have not been informed of any reason in this case why the Material Witnesses' testimony can not be adequately secured by deposition by either the government or the defendant's attorney.  To the contrary, compelling reasons exists for the release of the material witnesses as continued detention will cause a hardship on the material witnesses and their family.  Salomon Arellano-Vargas has a wife and newborn baby back in Mexico that he has to take care of both financially and emotionally. Benjamin Brito-Leyva has a wife and three children aged 10, 7 and 3 years old that all rely on him for support.  He also takes care of his mother and supports her at his house.  Julio Perez-Luna has a wife with a child on the way.  His wife has been diagnosed with juvenile diabetes and will be in serious trouble if he is not released from custody.  Gerardo Rodas-Diaz has a grandfather that he supports at his house in Mexico, and has two sisters that also live with him that are only 14 and 15 years old. Lorenzo Pina Alguilar has a wife and two kids aged 13 and 10, as well as parents who live at his house and rely on him to pay the bills.

- 2 -

5.      The Material Witnesses are more than willing to discuss everything they know about this case with both the defense and government investigators.  The fact is, however, there are only a few facts relevant to this case which the material witnesses are competent to testify: i.e. (a) his citizenship, (b) who might have transported the witness, and (c) whether the witness agreed to pay anyone.  According to preliminary interviews, all of the facts relevant to this case in the material witnesses' knowledge took place over a very short period of time.

6.      I explained the general procedure for videotape depositions to the witnesses and explained that, if they were released after the depositions, they may have to return to testify at trial if subpoenaed by the government or defendant.  The witnesses indicated they are willing to return if arrangements for their legal re-entry could be made and travel expenses provided.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Diego, California on August 18, 2008.

**SCHROTH & SCHROTH**


By: s/Robert E. Schroth Jr.
ROBERT E. SCHROTH, JR,
Attorney for Material Witness

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHROTH & SCHROTH
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2044 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

Attorney for Material Witnesses, Salomon Arellano-Vargas, Benjamin Brito-Leyva, Julio

Perez-Luna, Gerardo Rodas-Diaz, and Lorenzo Pina Alguilar


# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (Hon. Jan M. Adler)


| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No.: |
| | ) Magistrate Case No.:   08mj2368 |
| Plaintiff, | ) |
| | ) |
| vs. | ) **MOTION FOR MATERIAL WITNESS** |
| | ) **VIDEOTAPED DEPOSITION** |
| HAUOLI, | ) |
| | ) Date:      September 9, 2008 |
| Defendants. | ) Time:      2:00 p.m. |
| | ) Judge:    Hon. Jan M. Adler |
| _____ | ) |
| | ) |

**TO UNITED STATES ATTORNEY, KAREN P. HEWITT, ASSISTANT UNITED STATES ATTORNEY, JAMES P. MELENDRES; TO ATTORNEY FOR DEFENDANT, VICTOR PEREZ-DONATO, JULIE A. BLAIR; TO ATTORNEY FOR DEFENDANT, SAUL SANCHEZ SALVERIO, MARK A. CHAMBERS; TO ATTORNEY FOR DEFENDANT, CECILIA HAUOLI, DEBRA ANN DILORIO AND KEITH HOWARD RUTMAN; TO ATTORNEY FOR DEFENDANT, MANUEL ORTEGA-SALAS, FEDERAL DEFENDER; TO ATTORNEY FOR DEFENDANT, SAMUEL AGUILAR-GARCIA, KURT HERMANSON; TO ATTORNEY FOR DEFENDANT, FELICIANO LLANOS-ARIAS, FRANK M. MURPHY;**

- 1 -

1    NOTICE IS HEREBY GIVEN that on September 9, 2008, at 2:00 p.m., or as soon

2  thereafter as the matter may be heard, in the courtroom of Honorable Judge Jan M. Adler of this

3  court, located at 940 Front Street, San Diego, California, 92101, Material Witnesses, Salomon

4  Arellano-Vargas, Benjamin Brito-Leyva, Julio Perez-Luna, Gerardo Rodas-Diaz, and Lorenzo

5  Pina Alguilar by and through their attorney of record, Robert E. Schroth, Jr., will move the court

6

7  for an order authorizing the videotaped depositions of both material witnesses.

8    The motion will be made on the ground that there is good cause for the order requested

9  in that the material witnesses know of no sureties in this country who will bond them out of U.

10  S. Marshall's custody, where they are being held at El Centro detention facility located in El

11  Centro, California during the pendency of this matter.  Neither the interests of justice nor the

12  convenience of the parties and witness will be served by requiring the material witnesses to

13  remain in the MCC until the matter is concluded.

14

15

16  DATED:  August 18, 2008                    **SCHROTH & SCHROTH**

17

18

19                                      By:___s/ Robert E. Schroth, Jr._____
                                            ROBERT E. SCHROTH, JR,
20                                          Attorney for Material Witnesses

21

22

23

24

25

26

27

28
- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHROTH & SCHROTH
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2044 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

Attorney for Material Witnesses, Salomon Arellano-Vargas, Benjamin Brito-Leyva, Julio
Perez-Luna, Gerardo Rodas-Diaz, and Lorenzo Pina Alguilar

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (Hon. JAN M. ADLER)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No.: |
| | ) Magistrate Case No.:   08mj2368 |
| Plaintiff, | ) |
| | ) **POINTS AND AUTHORITIES IN** |
| | ) **SUPPORT OF MATERIAL WITNESSES** |
| vs. | ) **MOTION FOR VIDEOTAPE** |
| | ) **DEPOSITION AND REQUEST FOR** |
| HAUOLI, | ) **STATEMENT OF REASONS IN** |
| | ) **SUPPORT OF CUSTODY** |
| Defendants. | ) |
| | ) Date:     September 9, 2008 |
| | ) Time:     2:00 p.m. |
| _____ | ) Judge:   Hon. Jan M. Adler |

**TO UNITED STATES ATTORNEY, KAREN P. HEWITT, ASSISTANT UNITED STATES ATTORNEY, JAMES P. MELENDRES; TO ATTORNEY FOR DEFENDANT, VICTOR PEREZ-DONATO, JULIE A. BLAIR; TO ATTORNEY FOR DEFENDANT, SAUL SANCHEZ SALVERIO, MARK A. CHAMBERS; TO ATTORNEY FOR DEFENDANT, CECILIA HAUOLI, KEITH HOWARD RUTMAN; TO ATTORNEY FOR DEFENDANT, MANUEL ORTEGA-SALAS, ERICA ZUNKEL; TO ATTORNEY FOR DEFENDANT, SAMUEL AGUILAR-GARCIA, KURT HERMANSON; TO ATTORNEY FOR DEFENDANT, FELICIANO LLANOS-ARIAS, FRANK M. MURPHY;**

- 1 -

Material Witnesses, Salomon Arellano-Vargas, Benjamin Brito-Leyva, Julio Perez-Luna, Gerardo Rodas-Diaz, and Lorenzo Pina Alguilar, (hereafter "Material Witnesses") by and through their counsel, Robert E. Schroth Jr., submit the following Memorandum of Points and Authorities in support of their motion to take the videotaped depositions.

**I.**

**INTRODUCTION**

On or about July 30, 2008, the Material Witnesses were detained by U.S. Border Patrol Agents in connection with the arrest of the above captioned Defendants. The defendants have been charged with illegally bringing in undocumented aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and the Material Witnesses, who were with the defendant at the time of his arrest, have been detained as Material Witnesses under 8 U.S.C. § 1227 (d).

The Material Witnesses are currently being held at the El Centro detention facility in El Centro, California. On August 4, 2008, and again on August 8, 2008 the attorney for the material witnesses was informed by the material witnesses that they knew of no one in this country that could post a bond for them to allow for their release from custody during the pendency of this case.

It is unnecessary to keep the Material Witnesses in the United States because their testimony can be preserved through the use of a videotaped deposition.[1] The Material Witnesses therefore request a court order that their testimony be preserved through the use of videotape depositions and, thereafter, that they be allowed to return to their families in Mexico.

---

[1] While a witness may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotape deposition at the earliest possible time. See, Aguilar-Ayala v. Ruiz 973 F. 2d 411, 419 (5th Cir. 1992).

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S. v. Hauoli

## II.

### THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP THEM IN CUSTODY

Title 18, section 3144 of the United States Code Provides:

> No Material Witness may be detained . . . if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice.

The deposition of the Material Witness may be used at trial in criminal cases, so it is only in *exceptional circumstances,* where the interests of justice will be denied, that a videotape deposition is not appropriate.  See**,** Torres-Ruiz v. United States 120 F.3d 933 (9th Cir. 1997) [citing Aguilar Ayala v. Ruiz 973 F.2d 411, 413 (5th Cir. 1992) see also 8 U.S.C. § 1324 (d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure 15.  Defendants may be present at the videotape deposition and therefore have a full and fair opportunity to cross-examine the witnesses.  The videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement.  Dutton v. Evans, 400 U.S. 74, 89 (1970).

The government or defendant can effectuate the detention of the material witness upon a showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will deny the defendant a fair trial and that live testimony would somehow be significantly different.  See, Aguilar-Ayala v. Ruiz 973 F.2d at 413 (5th Cir. 1992), United States v. Humberto Rivera 859 F.2d 1204, 1208 (4th Cir. 1988).  That would be a difficult burden in this case, however, because the Material Witnesses have

- 3 -

indicated that they are willing to return for trial if the government makes arrangements for their

legal re-entry into the country and provides travel expenses. [2]   (Schroth Decl. At para. 6).

The Material Witnesses should not be detained because their testimony can be

adequately secured by depositions.  This is a very routine alien smuggling case.  Based on

interviews with the Material Witnesses and the report submitted by the arresting agency, the

facts to which the Material Witnesses are competent to testify are straightforward.  (Schroth

Decl. At para. 5).

Moreover, neither the Material Witnesses nor their counsel, have been informed that the

witnesses' detention is necessary to prevent a failure of justice.  (Schroth Decl. At para. 4).

Quite to the contrary, the witnesses have already spent a considerable time in jail, more than one

month to the date this motion is to be heard, and it is very important that they be released as

soon as possible so that they may be reunited with their family in Mexico who depend on them

for their support.  (Schroth Decl. At para. 2 and 4.).

Salomon Arellano-Vargas has a wife and newborn baby back in Mexico that he has to

take care of both financially and emotionally. Benjamin Brito-Leyva has a wife and three

children aged 10, 7 and 3 years old that all rely on him for support.  He also takes care of his

mother and supports her at his house.  Julio Perez-Luna has a wife with a child on the way.  His

wife has been diagnosed with juvenile diabetes and will be in serious trouble if he is not

released from custody.  Gerardo Rodas-Diaz has a grandfather that he supports at his house in

Mexico, and has two sisters that also live with him that are only 14 and 15 years old.  Lorenzo

---

[2] The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the witness's testimony at trial by personally subpoenaing the witness, providing travel costs, and arranging for legal re-entry of the alien.  (See, United States v. Eufracio-Torris 890 F.2d 266, 270 (10th Cir. 1989) cert. Denied 494 U.S. 1008 (1990) [government need not guarantee the witness will be available, only that they use good-faith efforts to secure their presence at trial]; see also, Ohio v. Roberts, 448 U.S. 56, 65 (1980) [so long as the government uses reasonable measures to secure a witness at trial, a deposition is admissible over a defendant's Confrontation Clause and hearsay objections].

Pina Alguilar has a wife and two kids aged 13 and 10, as well as parents who live at his house and rely on him to pay the bills.

For these reasons, the Material Witnesses request that the court immediately order the taking of their videotaped depositions and that they thereafter be immediately returned to Mexico.

**III.**

**IF THE COURT DENIES THE MATERIAL WITNESS' REQUEST TO TAKE THEIR VIDEOTAPE DEPOSITION, THEY REQUEST THAT THE GOVERNMENT PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY SHOULD HAVE TO REMAIN IN CUSTODY**

Where a witness has been held in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such a witness should not be released with or without the taking of a deposition.  Fed. Rules Crim. Proc., Rule 46 (g).

The Material Witnesses are not aware of any reasons why they should remain in custody, but to the extent the government knows of any such reason, they hereby request that the government provide them with a copy of a biweekly written report indicating these reasons.

**IV.**

**CONCLUSION**

For the forgoing reasons, the Material Witnesses respectfully request that this motion for the taking of videotaped depositions be granted.  In the alternative, the Witnesses request that they immediately be provided with a statement of the reasons why they need to remain in custody.

DATED:  August 18, 2008                                    **SCHROTH & SCHROTH**

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: s/Robert E. Schroth Jr.
ROBERT E. SCHROTH, JR,
Attorney for Material Witness

- 6 -

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S.  v.  Hauoli

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert E. Schroth Jr., Esq.-
**SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
San Diego, CA 92101
Telephone: (619) 233-7521

Re:     <u>USA v. Hauoli</u>
Criminal Case No.:
Magistrate Case No:    08mj2368

## **PROOF OF SERVICE BY MAIL**

### **STATE OF CALIFORNIA COUNTY OF SAN DIEGO**

I am employed in San Diego, California; I am over the age of eighteen years and am not a party to this action; my business address is 2044 First Avenue, Suite 200, San Diego, CA 92101.

On August 18, 2008, I served the following document(s) described as:

**DECLARATION FOR MOTION FOR VIDEO DEPOSITION, POINTS AND AUTHORITIES, NOTICE OF MOTION FOR VIDEOTAPE DEPOSITION, AND PROPOSED ORDER.**

on the interested parties in this action by efile service:

julieannblair@hotmail.com

chambers@mchambers.mpowermail.com

debra_diioriohall@yahoo.com

KDH@KurtDavidHermansen.com

fmlaw@san.rr.com

krutman@krutmanlaw.com

erica_zunkel@fd.org

U S Attorney CR Efile.dkt.gc2@usdoj.gov

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   /s/ Robert E. Schroth Jr.
Robert E. Schroth Jr.

1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**SOUTHERN DISTRICT OF CALIFORNIA**

8

(Hon. JAN M. ADLER)

9

| | | |
|---|---|---|
| 10 | UNITED STATES OF AMERICA, | ) Criminal Case No.: |
| 11 | Plaintiff, | ) Magistrate Case No.:  08mj2368 |
| 12 | vs. | ) **ORDER FOR THE VIDEOTAPE** |
| 13 | HAUOLI, | ) **DEPOSITIONS OF THE MATERIAL** ) **WITNESSES** |
| 14 | Defendants. | ) |
| 15 | | ) |

16

Pursuant to the motion of material witnesses Salomon Arellano-Vargas, Benjamin Brito-

17
18

Leyva, Julio Perez-Luna, Gerardo Rodas-Diaz, and Lorenzo Pina Alguilar [the "Material

19

Witnesses"], by and through their attorney, Robert E. Schroth Jr., by appearance of the parties

20

and their respective counsel, and good cause appearing:

21

1.      Unless the Material Witnesses are previously released from custody of the U.S. Marshal

22
23

and the United States Border Patrol, the Material Witnesses, Salomon Arellano-Vargas,

24

Benjamin Brito-Leyva, Julio Perez-Luna, Gerardo Rodas-Diaz, and Lorenzo Pina Alguilar shall

25

be deposed on _____, 2008 at _____ p.m./a.m.  The depositions will be held at the U.S.

26

Attorney's office in San Diego, California.  An employee of the U.S. Attorney's office shall

27

serve as the videotape operator.

28

ORDER FOR MATERIAL WITNESS VIDEOTAPED DEPOSITION

*U. S.  v. Hauoli*

2.    All parties shall attend the depositions.  The arresting agency shall bring the Material Witnesses to the deposition and remain present during the proceeding.  If the defendant(s) are in custody, they shall be brought separately to the depositions and a marshal shall remain present during the entire proceeding.

3.    The United States Attorney's Office shall arrange for a court-certified interpreter to be present for the Material Witnesses, if necessary.  The cost of the interpreter for the Material Witnesses will be borne by the United States.  See 28 U.S.C. § 1827(c)(2).

4.    If a defendant needs an interpreter independent of the Material Witnesses' interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present.  The cost of a separate interpreter shall be paid by the court.

5.    The U.S. Attorney's Office shall arrange for a certified court reporter to be present.  The court reporter shall stenographically record the testimony and serve as a notary and preside at the depositions in accordance with Rule 28(a), Fed. R. Civ. P.  The cost of the court reporter shall be borne by the U.S. Attorney's Office.

6.    The depositions shall be videotape recorded.  Prior to the conclusion of each deposition, the deponent, or a party, may elect to have the deponent review the videotape record of his depositions and to note any changes.  Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent(s).

7.    The videotape operator shall select and supply all equipment required to videotape and audiotape the depositions and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He/she shall determine these matters in a manner that accurately reproduces the appearance of the witnesses and assures clear reproduction of each witness' testimony and the statements of

ORDER FOR MATERIAL WITNESS VIDEOTAPED DEPOSITION

*U. S.  v. Hauoli*

counsel.  The witness, or any party to the action, may place upon the record any objection to the videotape operator's handling of any of these matters.  Such objection shall be considered by the Court in ruling on the admissibility of the video and/or audiotape record.  All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

8.    The Material Witnesses shall be deposed in an order as determined the Assistant United States Attorney conducting the depositions for the prosecution.  The deposition shall be recorded in a fair, impartial, objective manner.  The videotape equipment shall be focused on the witness; however, the videotape operator may from time to time focus upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

9.    Before examination of the witness, the notary shall state on the video/audio record:  (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the witness and the caption of the action; and (d) the identity of the parties and the names of all persons present in the room.  The notary shall then swear the witness on the video record. Further, at the beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her respective client on the record.  If more than one videotape is used, the notary shall repeat items (a), (b) and (c) at the beginning of each new tape.

10.    The videotape operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record.  Each time the tape is stopped or started, the videotape operator shall announce the time on the record.  If the deposition requires the use of more than one tape, the end of each

- 3 -

ORDER FOR MATERIAL WITNESS VIDEOTAPED DEPOSITION

*U. S.  v. Hauoli*

tape and the beginning of the next shall be announced orally on the video record by the operator.

11.     Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition.  The party raising the objection(s) shall be responsible for preparing a transcript for the court to consider.  All objections to the evidence presented shall be deemed waived unless made during the deposition.

12.     If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in non-stenographic audio/visual format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court.  See Fed. R. Civ. P. 32(c).

13.     Copies of all exhibits utilized during the videotaped deposition shall be marked for identification during the deposition and filed along with the videotape.

14.     At the conclusion of each deposition, the Government and defendants will advise the material witness' attorney if they intend to object to the release of the material witness.  If the parties do not object to the witness' release, the Government and defense attorney will immediately approve an order for the material witness' release from custody.  The Government will provide the witness with a subpoena for the trial date, a travel advance fund letter, and written authorization to enter the United States to testify at trial.

15.     If either party objects to the release of the material witness, the objecting party must immediately request in writing a hearing on the issue before the District Court within four business hours after the deposition is concluded.  At the hearing, the objecting party must be prepared to show why the release of the material witness is not appropriate under 18 U.S.C. § 3144.  If, after the hearing, the Court decides to release the material witness, the material

ORDER FOR MATERIAL WITNESS VIDEOTAPED DEPOSITION

*U. S.  v. Hauoli*

witness attorney should file the witness release order immediately.  Again, the Government must serve the witness with a trial subpoena, a travel fund advance letter, and written authorization to legally enter the United States to testify at trial before the material witness is released.

16.    Upon request by either party, the videotape operator shall provide a copy of the videotape deposition to the requesting party at the requesting party's expense.  After preparing the requested copies, if any, the videotape operator shall turn the original videotape over to the notary along with a certificate signed by the videotape operator attesting that the videotape is an accurate and complete record of the deposition.

17.    The notary shall file this original tape, along with the any exhibits offered during the deposition, with the Court in a sealed envelope marked with the caption of the case, the name of the witness and the date of the deposition.  To that envelope, the notary shall attach the sworn statement that the videotape is accurate and complete record of the recorded deposition and certification that the witness was duly sworn by the officer.

18.    To the extent that the procedures set forth herein for the videotaping vary from those set forth in Rules 28 and 30 F. R.Civ. P., these variations are found to be for good cause shown as allowed by F. R. Civ. P. 29.

19.    Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the videotape record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

    **It Is So Ordered.**

DATED:  _____

By:_____
    **United States District Court Judge**

- 5 -

ORDER FOR MATERIAL WITNESS VIDEOTAPED DEPOSITION

*U. S.  v. Hauoli*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER FOR MATERIAL WITNESS VIDEOTAPED DEPOSITION

*U. S.  v. Hauoli*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28